MEYER v. GANS.

(Supreme Court, Appellate Division, Second Department. January 8, 1909.)

1. MASTER AND SERVANT (§ 80*)—ACTIONS ON CONTRACT—EVIDENCE.
   In an action on an alleged contract for services as governess, etc., evidence that, about five months prior to plaintiff's dismissal from defendant's service, defendant criminally assaulted her, was inadmissible.
   [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

2. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—ERROR CURED BY INSTRUCTIONS.
   In an action on an alleged contract for services as governess, error in the admission of evidence that, about five months prior to plaintiff's dismissal from defendant's service, defendant criminally assaulted her, was not cured by a charge dwelling on the fact as indicating the doubtful character of plaintiff's testimony.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1053.*]

Appeal from Trial Term, Kings County.

Action by Annie Meyer against Adolph Gans. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Judgment and order reversed.

Argued before WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

M. D. Steuer, for appellant.

Ira Leo Bamberger (Sidney Lowenthal, on the brief), for respondent.

WOODWARD, J. The plaintiff was a sister of the defendant's deceased wife. Immediately upon the death of the latter the defendant hired the plaintiff to act as his housekeeper at an agreed price of $5 per week, and it is not disputed that for a term of five years the plaintiff performed the services and received each week the agreed sum, without making any demand for further compensation. The plaintiff brings this action, claiming that soon after entering the defendant's household, at the request of his children, she was engaged to act as governess, companion, etc., to these children, and that the defendant agreed to "make good" for such services. The action was, therefore, one on contract. It does·not seem necessary to go into the· discussion of the evidence in support of the contentions of either party,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the reason that the record shows reversible error in the admission of evidence.

The plaintiff, over the objection and exception of the defendant, was permitted to testify that at a period of some five months prior to her dismissal from the defendant's service the latter came to her room one night, and, finding her alone, committed an assault upon her. The defendant objected to this line of testimony as incompetent, irrelevant, and immaterial, and sought subsequently to have it struck from the record; but it was permitted to go in, and to remain, and while it is true that the learned trial court, in its charge, dwelt upon the fact as indicating the doubtful character of the plaintiff's testimony, we are of the opinion that the error was not cured, and that the verdict of the jury ought to be set aside. This line of testimony had absolutely no bearing upon the question of whether the plaintiff and defendant entered into the contract alleged in the complaint some five years before the happening of this alleged assault, and the natural effect of such testimony would be prejudicial to the defendant. It therefore constitutes reversible error.

The learned trial court in a memorandum sets forth its reasons for denying the motion of defendant for a new trial, and admits that, "when the jury rendered a verdict for the plaintiff, I said that it was not in accordance with my view of the case, and, had I been sitting as a juryman, my verdict would have been for the defendant," but denied the motion. It further commenting the court says:

"It appears in evidence that, on a former trial of another controversy growing out of her troubles, another jury also believed her as against defendant."

But just what that has to do with this case it is difficult to understand. The facts in that case may have been entirely obvious. The material facts, so far as we know, may not have been disputed, or may have been established by testimony entirely apart from that of the plaintiff, who stands alone in this case upon every material issue. But in any event it was error to complicate a simple question of whether a contract was entered into in 1902 between these parties with evidence going to the establishment of a criminal assault on the part of the defendant, and for this reason the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.